RECEIVED
MAR 2 2 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

| | |
|---|---|
| TONI Y. DUKE, MARGARET M. MCKENZIE KIMMIE M. CHAPA and KAY E. COSBY | |
| versus | CIVIL ACTION NO. 10-0471 JUDGE TOM STAGG |
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL 692 | |

---

## MEMORANDUM RULING

Before the court is a motion to dismiss the claims of plaintiff, Kimmie M. Chapa ("Chapa"), filed by the defendant, Laborers' International Union of North America Local 692 ("Local 692"). See Record Document 17. For the reasons stated below, the motion to dismiss is **GRANTED**.

## I. BACKGROUND

Four female union members, including Chapa, filed suit against Local 692 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Louisiana Revised Statutes 23:301, et seq., for injuries and damages arising from alleged acts of discrimination and retaliation. See Record Document 1. Three of the plaintiffs alleged in the complaint that they were members of Local 692. Chapa

did not allege that she was a member of Local 692. Instead, the complaint states that the plaintiffs are all female union members. See Record Document 1 at 2-3. The plaintiffs assert that Pat Thomas ("Thomas") was a union steward with Local 692 who worked at various employment sites and that he sexually harassed Chapa and the other female plaintiffs.[1] Chapa asserts that when she rebuffed the sexual advances, she suffered adverse employment actions.

Local 692 filed the instant motion to dismiss Chapa's claims, contending that since Chapa is not a member of Local 692, it cannot be liable to her as a "labor organization."[2]

---

[1] The plaintiffs assert that they worked at various jobs with various employers as a result of their union membership. Although the employer might vary with each new job, there would be a "union steward" on site who would act as the supervisor over the union members. The plaintiffs allege that the union steward had the authority to hire, fire and discipline the union members at any given site. See Record Document 1.

[2] Local 692 also argues that Chapa does not have standing to pursue claims under Title VII or Louisiana's anti-discrimination statute because she is not a member or employee of Local 692. In the alternative, Local 692 seeks summary judgment pursuant to Federal Rule of Civil Procedure 56(b), arguing that it cannot be liable to Chapa as an "employer" because it does not have the requisite number of employees. See Record Document 17. However, the court need not reach these arguments.

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6).

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). The defendant's Rule 12(b)(6) challenge must be determined based solely on the facts asserted in the complaint and the exhibits to the complaint. See Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, --- U.S.--- at ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A pleading that

3

offers labels and conclusions or a formulated recitation of the elements of a cause of action will not do, nor will a complaint suffice if it tenders naked assertions devoid of further factual enhancement. See Iqbal, --- U.S. at ---, 129 S. Ct. at 1949.

To survive a motion to dismiss, a complaint must contain certain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 569, 127 S. Ct. at 1973. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, --- U.S. at ---, 129 S. Ct. at 1949. Asking for plausible grounds to infer an actionable claim does not impose a probability requirement at the pleading stage. It simply calls for enough facts in the complaint "to raise a reasonable expectation that discovery will reveal evidence" that satisfies the legal elements of the claim. Twombly, 550 U.S. at 556, 127 S. Ct. at 1965. The complaint may proceed even if it strikes a judge that actual proof of those facts is improbable and that recovery is remote and unlikely. See id.

**B.    Analysis.**

Title VII of the Civil Rights Act of 1964 provides:

(c)    Labor organization practices

> It shall be an unlawful employment practice for a labor organization--
>
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
>
> (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C. § 2000e-2(c). Under Title VII, a union can be both an "employer" and a "labor organization." "As a labor organization, the union is covered under [Title VII] and may be liable in respect to its dealings with employers or its membership, 42 U.S.C. §§ 2000e-2(c), if it meets the definition of a labor organization." Maxwell v. Kight, 974 F.Supp. 899, 902-03 (E.D. Tex. 1996) (citing 42 U.S.C. §§ 2000e(d) and (3)).

5

Chapa alleges in her complaint that "Defendant Local 692 is a 'labor organization engaged in an industry affecting commerce' as defined in 42 U.S.C. § 2000e and is thus subject to the provisions of Title VII." Record Document 1 at 2. Chapa further alleges that she was an "'individual[]' protected by Title VII's provisions prohibiting labor organizations from committing unlawful employment practices." Id. Chapa also seeks relief from Local 692 pursuant to state law discrimination statutes. Local 692 admits that it is subject to the provisions of Title VII as a labor organization, but asserts that it is subject to these provisions only as to its relationship with its members and employers. Chapa has not alleged that she is a member of Local 692. Therefore, Local 692 argues that Chapa may not recover from it based on its status as a labor organization pursuant to Title VII or state law.[3] In addition, Chapa does not allege that she is an employee of Local 692, so Local 692 asserts that she may not recover from it based on its status as an employer.

Chapa has failed to allege sufficient facts to show how she, a non-member of Local 692, may recover from Local 692 as a labor organization. She does not allege

---

[3]Local 692 argues that because the language of the state statute is almost identical to the language of Title VII and because Louisiana courts look to Title VII jurisprudence for guidance, Chapa may not recover under the state anti-discrimination statute based on Local 692's status as a labor organization.

in her complaint that Local 692 is her employer, an agent of her employer, or a joint employer with another entity. See Record Document 1. In her opposition to Local 692's motion to dismiss, Chapa argues that (1) Local 692 "could be" liable as an agent of an employer; (2) Local 692 "could be" liable as an integrated enterprise or joint employer; and (3) Local 692 "could be" liable if aggregated with the International Union. See Record Document 26. However, these arguments are not contained within the complaint and are insufficient to survive the motion to dismiss. These arguments are legal conclusions, unsupported by any factual allegations. As previously noted, a pleading that offers labels and conclusions or a formulated recitation of the elements of a cause of action will not do, nor will a complaint suffice if it tenders naked assertions devoid of further factual enhancement. See Iqbal, --- U.S. at ---, 129 S. Ct. at 1949. Chapa's complaint does not contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 569, 127 S. Ct. at 1973.

### III. CONCLUSION

Based on the foregoing analysis, the motion to dismiss (Record Document 17) is **GRANTED**. All claims by Chapa against Local 692 are **DISMISSED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of March, 2011.

_____
JUDGE TOM STAGG